```
                    IN THE UNITED STATES DISTRICT COURT

                   FOR THE EASTERN DISTRICT OF CALIFORNIA


UNITED STATES OF AMERICA,        )    2:08-cv-00957-GEB-JFM
                                 )
            Plaintiff,           )
                                 )
      v.                         )    ORDER RE: SETTLEMENT
                                 )    AND DISPOSITION
APPROXIMATELY $8,590.00 IN U.S.  )
U.S. CURRENCY,                   )
                                 )
            Defendant.           )
                                 )
```

On January 15, 2009, Plaintiff United States of America filed a Status Report in which it states "[t]he parties have reached a settlement in the above-captioned case and the Notice of Settlement has been filed." Therefore, a dispositional document shall be filed no later than February 4, 2009. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. See L.R. 16-160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

The status conference scheduled for February 2, 2009, is reset for hearing at 9:00 a.m. on March 30, 2009, in the event that no dispositional document is filed, or if this action is not

1

otherwise dismissed.  Further, a joint status report shall be filed fourteen days prior to the status conference.[1]

IT IS SO ORDERED.

Dated:  January 22, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] The status conference will remain on calendar, because the mere representation that an action has been settled does not justify removal of the action from a district court's trial docket. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).

2